**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELDON BUSH, SR.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:11-1738** |
| **v.** | : | **(RAMBO, D.J.)** |
| | | **(MANNION, M.J.)** |
| **PRIMECARE MEDICAL, INC.;** | : | |
| **Lieutenant FLASHER; Lieutenant** | | |
| **GORDON; Correctional Officer** | : | |
| **CALHOUN; DAWN RIDER, RN;** | | |
| **LEANN ROAN, LPN,** | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**[1]

Pending before the court is a Motion to Dismiss filed by defendants PrimeCare Medical, Inc.,[2] Dawn Rider and Leann Roan (the "Medical Defendants"). (Doc. No. 12). On September 19, 2011, the plaintiff, currently an inmate at Centre County Correctional Facility (CCCF), filed the instant action under 42 U.S.C. §1983 claiming violations of his Eighth Amendment

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]PrimeCare is a private third-party medical services provider under contract with the Pennsylvania Department of Corrections to provide services for the Centre County Correctional Facility. (Doc. No. 12, p. 12).

rights. (Doc. No. 1). The Medical Defendant's claim that the plaintiff has failed to exhaust his administrative remedies; failed to demonstrate deliberate indifference by any of the Medical Defendants; failed to file Certificates of Merit necessary for state law torts claims; and, failed to demonstrate violations resulting from defendant PrimeCare's policies.[3] The court recommends that the Motion to Dismiss, (Doc. No. 11), be granted in part and denied in part.

## I. FACTS AND PROCEDURAL HISTORY

On November 1, 2010, Plaintiff, along with two other inmates, filed a complaint (the "2010 action") alleging numerous violations of federal and state laws related to their incarceration at the CCCF. (*Bush, et al. v. Rendell, et al.*, Civil Action No. 1:10-cv-2246, Doc. No. 1). Neither the initial complaint nor the amended complaint in the 2010 action (*Bush*, Civil Action No. 1:10-cv-2246, Doc. No. 25) named the Medical Defendants. On June 30, 2011, the plaintiff filed an additional amended complaint naming the Medical Defendants, among others. (*Bush*, Civil Action No. 1:10-cv-2246, Doc. No. 96). In addition,

---

[3]In addition, the Medical Defendants ask the court either that they be dismissed from a related matter (*Bush, et al. v. Rendell, et al.*, Civil Action No. 1:10-cv-2246) and so as to proceed through pleadings in the instant action or that the instant action be dismissed, allowing them to proceed with their pending motions in the related matter. The court will evaluate the instant Motion to Dismiss, but any ruling in the instant case will not affect the rights or obligations of the parties in *Bush, et al. v. Rendell, et al.*, Civil Action No. 1:10-cv-2246.

the plaintiff filed a third amended complaint that purported to incorporate all allegations leveled in the plaintiffs' prior complaints. (*Bush*, Civil Action No. 1:10-cv-2246, Doc. No. 128).

On September 6, 2011, the court entered an order directing the plaintiff to (1) file an amended complaint stating all claims originally raised in the first complaint that he still wished to pursue; and, (2) to file a new and separate complaint for any claims not raised in the first complaint. (*Bush,* Civil Action No. 1:10-cv-2246, Doc. No. 124). Pursuant to this order, the plaintiff filed the instant action against the Medical Defendants because they were not listed in the original complaint of the 2010 action. Nevertheless, the plaintiff also included the Medical Defendants in his amended complaint in the 2010 action. (*Bush,* Civil Action No. 1:10-cv-2246, Doc. No. 128).

In the instant action, the plaintiff alleges that the Medical Defendants were deliberately indifferent to his serious medical needs. (Doc. No. 1). Specifically, the plaintiff alleges that the treatment of his severe tooth decay and infection was delayed and inadequate, resulting in painful and irreparable damage to his teeth and gums. (Doc. No. 1, p. 3). In addition, the plaintiff alleges a general list of inadequacies in medical care at CCCF. (Doc. No. 1, p. 3). The plaintiff claims that these failures are indications of defendant PrimeCare's policies and procedures that restrict inmate's rights to adequate

medical care. (Doc. No. 1, p. 3).

## II.   STANDARD OF REVIEW

The defendants' Motion to Dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of "necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)

4

(brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.   DISCUSSION

### A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996) requires a prisoner to present his claims through an

administrative grievance process before seeking redress in federal court.  The

Act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A prisoner does not have to allege in his complaint that he has

exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir.

2002).  Failure to exhaust available administrative remedies is an affirmative

defense to be pleaded and proven by the defendants, but may be raised as

the basis for a motion to dismiss.  *Id.* at 295 n.9.

Here, there is a factual dispute as to whether the plaintiff has exhausted

the available administrative remedies. The defendant's claim that the plaintiff

has only alleged that he availed himself of administrative remedies with regard

to claims he was not receiving his mail (Doc. No. 12, p. 7). The plaintiff states

that he did exhaust administrative remedies with regard to his deliberate

indifference claim. (Doc. No. 19, p. 19). In light of this factual dispute, the

court recommends that defendant's Motion to Dismiss on grounds of failure

to exhaust be denied at this time.

### B. Section 1983 Claim

In order to state a claim for relief pursuant to 42 U.S.C. §1983, "a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). The plaintiff claims that the Medical Defendants' failure to provide him with necessary medical treatment during his incarceration violates his rights under the Eighth Amendment.

To state a claim under the Eighth Amendment for denial of medical care, a prisoner-plaintiff must show that the defendants were deliberately indifferent to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). A "serious" medical need is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987), *cert. denied*, 486 U.S. 1006 (1988). Deliberate indifference occurs when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, to successfully state a claim, a plaintiff must allege that the defendant acted with a sufficiently culpable state of mind, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), and must in some way "connect[]

7

his factual allegations to the alleged mental states" of the defendants, *Spruill v. Gillis*, 372 F.3d 218, 237 (3d Cir.2004).

Mere negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Estelle*, 429 U.S. at 106; *Spruill*, 372 F.3d at 237; *Lanzaro*, 834 F.2d at 346. "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir.1993), and courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment*" Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D.Pa.1996) (quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979)). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir.1990).   Nevertheless, "whether or not a defendant's conduct amounts to deliberate indifference has been described as a classic issue for the fact finder." *Goodrich v. Clinton County Prison*, 214 Fed.Appx. 105, 111 (3d Cir. 2007) (quoting *A.M. ex. rel. J.M.K.*

8

*v. Luzerne County Juvenile Detention Ctr.*, 372 F.3d 572, 588 (3d Cir. 2004)).

Here, the plaintiff's primary allegation is that he did not receive proper dental care. The plaintiff admits that he was provided access to a dentist (Doc. No. 1, pp. 8-10) and that he was transferred to SCI Rockview for treatment (Doc. No. 1, p. 9). In addition, the plaintiff describes his dissatisfaction with several specific procedures that he underwent as part of his dental treatment, including an x-ray and tooth extraction. (Doc. No. 1, p. 9). Such claims are akin to malpractice claims and under *Estelle*, do not rise to an Eighth Amendment violation.

Nevertheless, the plaintiff also alleges that when he met with a dentist, no dental exam was performed because the dentist had no instruments. (Doc. No. 1, p. 4). In addition, plaintiff alleges that delays in his treatment, which lead to additional decay and infection, are attributable to non-medical reasons, namely the need to transfer him from CCCF to SCI Rockview. (Doc. No. 1, p. 5). In evaluating a motion to dismiss, the court must take all of the plaintiff's allegations as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) . As such, the plaintiff assertions, taken as true, sufficiently raise questions about the standard of medical of care beyond mere malpractice. Similarly, at this stage in the proceeding, the plaintiff has sufficiently asserted the involvement of defendant's Roan and Rider in

effectuating the care in question. (Doc. No. 1, p. 4). Therefore the court recommends that defendant's Motion to Dismiss as to the plaintiff's Section 1983 claim be denied at this time.

### C. Certificate of Merit

Pennsylvania Rule of Civil Procedure 1042.3 requires that in an action "based upon an allegation that a licensed professional deviated from an acceptable professional standard" the plaintiff is required to file a certificate of merit. Pa. R. Civ. P. No. 1042.3. This rule applies to pro se and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. *See Perez v. Griffin*, 2008 WL 2383072, *3 (M.D. Pa., 2008)(citing *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007) (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); *Maruca v. Hynick*, No. 3:06-CV- 00689, 2007 WL 675038 (M.D.Pa. Feb. 27, 2007)("[T]he language of Rule 1042. 3(a) - *i.e.*, "or the plaintiff if not represented . . . shall file . . . a certificate of merit" - expressly requires that a pro se plaintiff must file a certificate of merit.")).

Here, the plaintiff's complaint was filed on September 19, 2011. As of the date of this report, the plaintiff has neither filed a proper certificate of merit nor requested an extension of time to do so. Therefore, the court recommends that the defendants' Motion to Dismiss as to the any state law tort claims

should be granted.

### D. Policies and Customs

Defendant PrimeCare, an entity, cannot be held liable for acts of its employees under a theory of respondeat superior or vicarious liability. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, defendant PrimeCare may be subject to 1983 liability if there is a policy or custom that led to the alleged constitutional violations. Id. (citing *Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). *See Stankowski v. Farley*, 484 F. Supp. 2d 543, 573-74 (M.D. Pa. 2006)(applying same standard for 1983 liability to PrimeCare). This rule ensures that a municipality, or an entity such as PrimeCare, will only be liable where it is the "moving force" behind the plaintiff's injury. *Bd. of the County Comm'rs of Bryan County, Oklahoma*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 689). The plaintiff bears the burden of identifying the policy or custom. Id.

Plaintiff's complaint fails to identify any policy or custom of PrimeCare that caused the alleged constitutional violations. The plaintiff merely alleges repeated acts by PrimeCare's employees are evidence of a policy or custom. (Doc. No, 1, p. 2). Without more, such allegations are insufficient to establish

a claim and, therefore, the court recommends that defendant's Motion to Dismiss as to claims against defendant PrimeCare be granted.

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT**:

To the extent it argues that the plaintiff has failed to exhaust administrative remedies and failed to state a claim under Section 1983, the defendant's Motion to Dismiss, (Doc. No. 11), be **DENIED**;

To the extent it argues that any state law tort claims are barred for failure to file a certificate of merit and that the plaintiff has failed to state a claim again defendant PrimeCare, the defendant's Motion to Dismiss, (Doc. No. 11), be **GRANTED**;

*Malachy E. Mannion*

**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATED: July 2, 2012**
O:\shared\REPORTS\2011 Reports\11-1738-01.wpd

12