IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELDON BUSH, SR.,** : | **CIVIL NO. 1:11-CV-1738** |
| **Plaintiff** : | |
| v. : | |
| **PRIME MEDICAL CARE, INC.;** : | |
| **LT. FLASHER; LT. GORDON;** : | |
| **C/O OFFICER CALHOUN;** : | |
| **DAWN RIDER, RN; and** : | |
| **LEANNN ROAN, LPN,** : | |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court is a report of Magistrate Judge Mannion (doc. 39) in which he recommends that the motion to dismiss filed by defendants Prime Care, Inc., Dawn Rider, and Leann Roan ("the Medical Defendants") be denied in part and granted in part. Plaintiff and the Medical Defendants have filed objections to the report and recommendation and the matter is ripe for disposition.

**I.**     **Background**

Plaintiff, Feldon Bush, Jr., an inmate at Centre County Correctional Facility ("CCCF"), filed an action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights.[1]  For purposes of addressing the report and recommendation, Plaintiff alleges that the Medical Defendants were deliberately indifferent to his serious medical needs by failing to provide treatment for serious

---

[1] The factual and procedural history are set forth in the report and recommendation of the magistrate judge (doc. 39) and will not be repeated herein.

tooth decay and infection, which caused irreparable damage to his teeth and gums. (Doc. 1, at p. 3). Plaintiff alleges further failures by Defendant Prime Care Inc.'s policies and procedures that restrict his rights to medical care. (*Id.*)

The Medical Defendants claim that Plaintiff failed to exhaust his administrative remedies and failed to demonstrate deliberate indifference. The magistrate judge recommended that the motion to dismiss as to this claim be denied. He further recommended that the motion to dismiss be granted on the issues of failure to file Certificates of Merit on the state law tort claims and failure to demonstrate violations resulting from Prime Care policies.

## II.        Plaintiff's Objections

Plaintiff claims that Prime Care, Inc. should not be dismissed from this action. To hold Prime Care liable under § 1983, Plaintiff must show that there is a policy or custom that lead to the alleged constitutional violation. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Bush argues that the Department of Corrections and Prime Care, through their contract agreed to cut corners and save money on providing medical care. Bush cites to the contract attached to his objections. He does not cite to any paragraphs which support his theory that the contract sets forth a policy or procedures designed to constitutionally deprive Plaintiff of proper medical care. His objections will be overruled.

## III.       Defendants' Objections

Defendants, Rider and Roan, object to the report and recommendation which recommends that their motion to dismiss be denied. Bush alleges that, when he met with a dentist, no oral examination was able to be done because the dentist

had no instruments and that, because of the delay in transferring him from CCCF to SCI-Rockview for better treatment, he suffered additional decay and infection.  The magistrate judge held that such allegations sufficiently asserted claims against Roan and Rider.  (Doc. 39 at p. 9.)  In their objections, Roan and Rider claim that neither of them had any involvement in Bush's averment of delay in his transfer to SCI-Rockview nor his claim of insufficiency of oral exam (the dental exam without instruments).  (Doc. 41 at p. 3.)

A review of the complaint shows the following accusations against these two defendants:

> PLAINTIFF BUSH WAS TOLD BY THE DENTIST HE HAS TO WAIT UNTIL HE IS SENT BACK TO SCI ROCKVIEW FOR TREATMENT, AND THAT THERE IS NOTHING HE CAN DO.   NURSE DAWN TOLD PLAINTIFF BUSH THAT SHE TALKED TO THE STAFF AT ROCKVIEW AND WAS TOLD THE SAME. NURSE AIDE LEE ANN REFUSE TO GIVE PLAINTIFF BUSH HIS PROPER MEDICATION AND REFUSE TO GIVE HIM ORASOL GEL PACKETS FOR RELIEF OF PAIN.

(Doc. 1 at p. 4.)  These averments do not show that either Rider or Roan had any involvement in the delaying of his transfer to SCI-Rockview.  The fact that it is alleged Roan failed to give Plaintiff Orasol Gel packets for relief of pain does not support a claim of deliberate indifference.  There is no indication that this was a required prescription that was deliberately withheld as opposed to a request for relief that a professional nurse did not think was warranted.  As Defendants point out, it represents nothing more than a difference of opinion as to the need for medication.  (Doc. 41 at p. 3.)

**IV.     Conclusion**

       Plaintiff's conclusory statements as to Defendants Roan and Rider do not state a claim that supports personal involvement with actions that could support a claim for deliberate indifference; therefore, the magistrate judge's recommendation as to Defendants Rider and Roan will be rejected.  The magistrate judge's recommendation that Prime Care, Inc. be dismissed will be accepted.  An appropriate order will be issued.

                                                     s/Sylvia H. Rambo
                                                     SYLVIA H. RAMBO
                                                     United States District Judge

Dated:  September 7, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FELDON BUSH, SR.,**                :   **CIVIL NO. 1:11-CV-1738**
      **Plaintiff**               :
      **v.**                          :
**PRIME MEDICAL CARE, INC.;**   :
**LT. FLASHER; LT. GORDON;**    :
**C/O OFFICER CALHOUN;**        :
**DAWN RIDER, RN; and**         :
**LEANNN ROAN, LPN,**           :
      **Defendants**             :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Mannion. (Doc. 39.)

    2) The report and recommendation is **ADOPTED** as follows:

        a) The motion to dismiss (Doc. 11) is denied as to the failure to exhaust administrative remedies;

        b) The motion to dismiss is granted as to any state tort claim for failure of Plaintiff to file a Certificate of Merit; and

        c) The motion to dismiss all claims against Prime Care, Inc. is granted, and the Clerk of Court shall remove Prime Care Inc. from the caption of this action.

    2) The report and recommendation that the motion to dismiss as to Roan and Rider on the § 1983 claims be denied is **REJECTED**.

    3) The motion to dismiss (Doc. 11) as to Roan and Rider is granted and the Clerk of Court shall remove their names from the caption of this action.

        4) This matter is remanded to Magistrate Judge Mannion for further proceedings.

                                s/Sylvia H. Rambo
                                SYLVIA H. RAMBO
                                United States District Judge

Dated: September 7, 2012.